UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONNIE ROY BARQUIST**,

    Plaintiff,

v.                                                                                                        Civ. No. 11-489 WDS

**COUNTY OF UNION, NEW MEXICO;**
**JAMES LOBBS, Deputy Sheriff, Union County;**
**BILL SPRIGGS, Sheriff**,

    Defendants.

### ORDER GRANTING IFP and REQUIRING THE FILING OF AN AMENDED COMPLAINT[1]

THIS MATTER comes before me on pro-se Plaintiff Ronnie Roy Barquist's application to proceed *in forma pauperis* ("IFP"), filed June 8, 2011, *see* Doc. 2, and on my concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312; *see* 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal of complaints filed without prepayment of filing fees if they fail to state a cognizable claim for relief or are brought against an immune defendant); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of deficient complaints that have been filed without prepayment of filing fees is now mandatory).

---

[1] Within fourteen (14) days after a party is served with a copy of this Order, that party may, pursuant to 28 U.S.C. § 636(b)(1), request reconsideration by the district judge. A party must file any request for reconsideration within the fourteen-day period if that party wants to have appellate review of the Order. If no request for reconsideration is filed, no appellate review will be allowed.

To support his motion to proceed IFP, Barquist must show that he is unable to pay filing fees and still provide himself "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It appears that Barquist, who alleges an income of only $350/month and expenses for necessities of $300/month, meets that financial standard. *See* Doc. 2 at 4-5. But because Barquist has failed to state sufficient facts to bring a cognizable federal claim against the named Defendants, I conclude that he must file an amended complaint before this case is allowed to proceed or free service of process is ordered.

**I.   ALLEGATIONS IN THE COMPLAINT.**

In an almost cryptic Complaint, Barquist seeks to sue Union County, a sheriff (Defendant Bill Spriggs), and a deputy sheriff (Defendant James Lobbs) for $1 million under 42 U.S.C. § 1983 for destroying his "property, [his] honor, and [his] reputation." Compl. at 1-2. According to the Complaint, Barquist was "sited" by Deputy Kelly Dobbs, who is not named as a Defendant, and held for 22 days for camping and trespassing on what he says was "open leased state property." Compl. at 2. At an unidentified time, an unidentified sheriff's employee also allegedly used "false documents" to obtain illegal search warrants. *Id.*

Count I is for "abuse of authority" based solely on the conclusory allegation that unidentified defendants "used their possision [sic] to destroy my family and reputation." *Id.* Count II is for "abuse of authority" based on allegations that he was arrested and jailed for camping with his family, then CYFD took his family away.

Count III is for "illegal search and seizure," based on the allegations that unspecified defendants "tore apart my place of bus. Took my father's ashes. Destroyed my property."

**II.   APPLICABLE LEGAL STANDARDS.**

In screening the Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether

it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally." *Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true any factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Barquist. *See id.* at 1217.

But in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

To state a cognizable claim for violation of § 1983, Barquist must allege facts showing that "some *person* has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (italics added).

3

**III.     ANALYSIS.**

Although Barquist apparently financially qualifies to proceed IFP, he cannot proceed with this complaint as written. First, the sparse allegations and conclusory statement in Count I do not state a cognizable federal claim against any Defendant under *Twombly* or *Iqbal*.

Second, Barquist has failed to include any allegations that would give rise to Union County's liability for the allegedly unconstitutional acts of its officers. *See Angel v. Torrance County Sheriff's Dep't.*, No. 05-2342, 183 Fed. App'x 707, 708, 2006 WL 1495003, *1 (10th Cir. June 1, 2006) (affirming dismissal because the "plaintiff had no claim for supervisory liability against Torrance County or the Sheriff's Office in the absence of allegations of policy or custom, *see Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (requiring proof that policy or custom is the moving force behind governmental employee's constitutional violation)"); *Hinton v. Franck*, No. 00-1142, 2000 WL 1846195, *2 (10th Cir. Dec. 18, 2000) (affirming dismissal because no allegations were made against the sheriff's department, "other than that their employees acted unlawfully" and noting that, under controlling Supreme Court precedent, a complaint that bases liability only on a theory of *respondeat superior* does not state a claim against an employing governmental entity). Unless he can, in good faith, add facts to show a policy or custom that resulted in a false arrest and imprisonment, Barquist must delete Union County as a Defendant in an amended complaint.

In regard to Count II, Barquist has filed a separate suit against two employees of the CYFD for temporarily removing his children from his home, *see Barquist v. State*, 11cv490 RHS. and he may not bring two complaints in a federal court for the same cause of action even if he may be trying to hold a different defendant liable for the same conduct. "[T]he question whether a litigant should be able to litigate the same issue at the same time in more than one federal court is an easy

4

one-he should not be." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988). Litigating the same issue in two federal suits "is a waste of federal judicial resources." *Id.*; *see Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Thus an amended complaint should delete factual allegations regarding the temporary taking of his children.

Insofar as he may be attempting, in Count II, to bring suit for a false arrest or imprisonment or malicious abuse of process under § 1983 against individual officers, because Barquist does not allege that he was not, in fact, camping illegally, or that the charges were dropped, or that any conviction for trespass has been overturned, his claims for damages may either be without a legal basis or may be premature under *Heck v. Humphrey*.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87 (1994).

Further, Barquist is not specific in stating what each defendant allegedly did to violate his constitutional rights. The allegations in Count III could potentially state a claim under § 1983 for deprivation of property without due process, but Barquist needs to specify which defendants did the destructive and illegal acts, and when and where it happened. In regard to Sheriff Spriggs, for example, the Complaint does not state what part he may have played in the allegations under Counts II or III. "[W]hen a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that

the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010). Thus,

> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

*Id.* at 1199. And there are no allegations that Officer Lobbs participated in his arrest for trespass or the taking of his father's ashes and destruction of his property. In short, Barquist must clearly set forth "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If Barquist realizes that he cannot in good faith amend his Complaint to state a cognizable federal claim against any state defendant, he should simply file a notice voluntarily dismissing his Complaint. *See* FED. R. CIV. P. 41(a)(1)(A).

Therefore, I will conditionally grant leave to proceed IFP, but Barquist must, within ten days of the filing of this Order, either file a notice of dismissal or an amended complaint that cures the defects in the Complaint set forth above or I will recommend dismissal with prejudice of his Complaint and his cause of action.

**IT IS ORDERED** that the motion to proceed IFP (Doc. 2) is conditionally GRANTED; and that Barquist shall either file an amended complaint that comports with above findings of deficiencies or file a notice of voluntary dismissal of his Complaint within ten days of the filing of this Order.

_____
UNITED STATES MAGISTRATE JUDGE