UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNIE ROY BARQUIST,

    Plaintiff,

v.                                                                                                                             Civ. No. 11-489 LH/KBM

COUNTY OF UNION, NEW MEXICO;
JAMES LOBBS, Deputy Sheriff, Union County;
BILL SPRIGGS, Sheriff; JOSH JONES, Sheriff's
Deputy,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Magistrate Judge W. Daniel Schneider's June 30, 2011 Order requiring pro-se Plaintiff Ronnie Roy Barquist to amend his complaint, *see* Doc. 5; and on Barquist's Motion for appointment of counsel, filed February 26, 2013, *see* Doc. 7.

      Barquist filed three civil complaints on the same day in 2011, requesting permission to proceed *in forma pauperis* ("IFP") instead of paying the filing fees. In this case,

> [i]n an almost cryptic Complaint, Barquist seeks to sue Union County, a sheriff (Defendant Bill Spriggs), and a deputy sheriff (Defendant James Lobbs) for $1 million under 42 U.S.C. § 1983 for destroying his "property, [his] honor, and [his] reputation." Compl. at 1-2. According to the Complaint, Barquist was "sited" by Deputy Kelly Dobbs, who is not named as a Defendant, and held for 22 days for camping and trespassing on what he says was "open leased state property." Compl. at 2. At an unidentified time, an unidentified sheriff's employee also allegedly used "false documents" to obtain illegal search warrants. *Id.*
>
>     Count I is for "abuse of authority" based solely on the conclusory allegation that unidentified defendants "used their possision [sic] to destroy my family and reputation." *Id.* Count II is for "abuse of authority" based on allegations that he was arrested and jailed for camping with his family, then CYFD took his family away.

>Count III is for "illegal search and seizure," based on the allegations that unspecified defendants "tore apart my place of bus. Took my father's ashes. Destroyed my property."

June 30, 2011 Order at 2. Magistrate Judge Schneider conditionally granted IFP after finding that "Barquist has failed to state sufficient facts to bring a cognizable federal claim against the named Defendants," and instructed Barquist that he would have to "file an amended complaint before this case is allowed to proceed or free service of process is ordered." *Id.* Magistrate Judge Schneider concluded that "the sparse allegations and conclusory statement in Count I do not state a cognizable federal claim against any Defendant;" and that he also

>failed to include any allegations that would give rise to Union County's liability for the allegedly unconstitutional acts of its officers. . . . . Unless he can, in good faith, add facts to show a policy or custom that resulted in a false arrest and imprisonment, Barquist must delete Union County as a Defendant in an amended complaint.
>
>In regard to Count II, Barquist has filed a separate suit against two employees of the CYFD for temporarily removing his children from his home, *see Barquist v. State*, 11cv490 RHS, and he may not bring two complaints in a federal court for the same cause of action even if he may be trying to hold a different defendant liable for the same conduct. . . . .
>
>Insofar as he may be attempting, in Count II, to bring suit for a false arrest or imprisonment or malicious abuse of process under § 1983 against individual officers, because Barquist does not allege that he was not, in fact, camping illegally, or that the charges were dropped, or that any conviction for trespass has been overturned, his claims for damages may either be without a legal basis or may be premature under *Heck v. Humphrey*.

*Id.* at 4-5. Magistrate Judge Schneider also stated that

>[t]he allegations in Count III could potentially state a claim under § 1983 for deprivation of property without due process, but Barquist needs to specify which defendants did the destructive and illegal acts, and when and where it happened. In regard to Sheriff Spriggs, for example, the Complaint does not state what part he may have played in the allegations under Counts II or III. . . . . And there are no allegations that Officer Lobbs participated in his arrest for trespass or the taking of his father's ashes and destruction of his property.

*Id.* at 6. The Court ordered Barquist, to file, "within ten days of the filing of this Order, either [] a

2

notice of dismissal or an amended complaint that cures the defects in the Complaint set forth above or I will recommend dismissal with prejudice of his Complaint and his cause of action." *Id.*

Barquist filed an amended complaint on July 22, 2011. *See* Doc. 5. Unfortunately, this case languished without a presiding judge being assigned to it, and no one reviewed the amended complaint to see if it cured the defects until now. A Notice warning Barquist that the case could be dismissed for lack of service of process was inadvertently filed on March 27, 2013. *See* Doc. 10. After reviewing the Amended Complaint, the Court concludes that it does not cure the defects and that the case must be dismissed.

First, Barquist again names Union County – this time as the sole defendant– in the style of the case, without discussing what policy or custom of the County resulted in damages to him. He again lists James Lobbs and Bill Spriggs as Defendants in the body of the Amended Complaint, but does little better about being specific with the dates, places, and facts regarding the events surrounding their allegedly bad acts. For example, he states, that in December 2009, the Officers "falsified documents and left a felony in progress to obtain a [sic] illegal search warrant," but these statements do not indicate what documents were allegedly falsified and how, or what the alleged felony or search warrant had to do with him. He states, "Jan 16 2011 James Lobbs invaded my privacy and issued false statements and documents." Am. Compl. at 3, 4. Again, he does not explain what Lobbs did that allegedly invaded his privacy or what he said that was false.

Barquist adds another defendant in the body of his Amended Complaint - Sheriff's Deputy Josh Jones. But all he states about Jones is that, when Barquist informed Jones that Barquist was "keeping [a wanted felon] at [Barquist's] residence," Jones replied, "Can we do this tomorrow? I'm tired." Compl. at 2.1. Although Barquist also contends that Jones "endangered" him by not coming to his residence when he called about a "crimestoppers wanted person," he does not allege that the

alleged felon was at his residence to commit a crime or that Jones asked him to perform a citizen's arrest or keep the felon there until the next day.  These allegations do not show a violation of Barquist's constitutional rights.  As the Court has already instructed Barquist, *see* June 30, 2011 Order at 3, a complaint is not sufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and these statements are legal conclusions that must be disregarded, *see Ashcroft v. Iqbal*, 556 U.S.662, 680-81 (2009).  Barquist has failed to state a cognizable federal claim against any defendant, and he has failed to comply with the Court's order to amend his complaint in such a way that it sets out facts instead of legal conclusions.

Barquist is apparently now living in Colorado, and he requests counsel because he says he does not have the "records with me" to prosecute his case and that a state-court judge has told him that he cannot return to the State for five years.  Doc. 7 at 1.  But it does not take an attorney to state, in simple terms, what a defendant did that is allegedly illegal or unlawful, and his mother lives in Clayton and could presumably send any documents to him that he needs.  *See id.*  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985).  Barquist has not met his burden.  The Court will not appoint counsel for Barquist, and will dismiss this case.

**IT IS ORDERED** that the Court's March 27, 2013 Notice is **VACATED**; and that Barquist's motion for appointment of counsel [Doc. 7] is **DENIED**, and that the Amended Complaint is **DISMISSED WITH PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE